IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:_____-CIV-_____

**AISHIA PETERSEN,**

    Plaintiff,

**v.**

**WOLFORD AMERICA INC.,**

    Defendant.

_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Aishia Petersen ("Plaintiff "or "Petersen"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

1

3. Defendant's website https://www.wolfordshop.com specifically the Florida website (the "Website" or "E-commerce application") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in WOLFORD America Inc. ("Defendant" or "WOLFORD") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5. Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Defendant's failure to design, build, maintain, and operate its https://www.wolfordshop.com to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical stores and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's website is a point of sale for the Defendant physical store. The Defendant's e-commerce platform (https://www.wolfordshop.com the "Website") allows purchase of the same merchandise online or at the brick-mortar store.

7. The Defendant owns and operates the Website for desktop and mobile application for e-commerce and several clothing stores that are located in Florida.

8. Because Defendant is a store open to the public, each of Defendant's physical stores is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(E), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Aishia Petersen, a blind woman, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

11. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

12. Defendant's Website is built in digital code that impedes screen-reader software to work. A few lines of code could make the Defendant's website compatible with the popular blind's screen-readers software and grant access to Defendant's store to all blind individuals, including Plaintiff.

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used more than 400 websites.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

14. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

15. Plaintiff visited the Website when at home, or on the go or in transit when visiting other cities. The purpose of the W*ebsite* is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the locations of Defendant's stores through a "store locator" feature. Defendant also sells to the public its merchandise through the Website, which acts as a point of sale for Defendant's merchandise available in, from, and through Defendant's physical stores.

16. This case arises out of the fact that Defendant WOLFORD America Inc has operated its business in a manner and way that effectively excluding Plaintiff who are visually impaired from access to Defendant physical stores and online store (the Website). Because the Website, an e-commerce online platform, carries the same products in the physical store and connects individuals to make a purchase on the Website 24/7, the same way they would in the physical store (during limited hours 10am to 8pm). The Website has a nexus to and is an extension of and gateway to the Defendant's physical stores.

17. Because the public can view and purchase Defendant's goods through the Website that are also offered for sale in Defendant's physical stores, thus having the Website act as a point of sale for Defendant's products that are also sold in the physical stores, arrange in-store and curbside pickups of merchandise purchased online benefits for use online and in the physical stores, the Website is an extension of and gateway to the physical stores, which are places of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(E).

18. Even if the Website is not itself a place of public accommodation the Defendant's physical stores are a place of public accommodation under 42 U.S.C. §12181(7)(E),

and must comply with all requirements of the ADA. The Website is an extension and a necessary service, privilege, and advantage of the Defendant's physical stores. Defendant must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical stores.

19. As a result of Plaintiff being legally blind, before she embarks on any venture from his home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet. Plaintiff has made innumerous attempts to access Defendant's physical store and Website in the past, but Plaintiff could not locate the nearest store thru the website neither pre-shop the Defendant's merchandise because the Website is not readable by the screen-reader.

20. Plaintiff intends to continue to access the Defendant's physical store and make a purchase thru the Website and pick up at curbside or just pre-shop. Plaintiff was informed that there is one of the Defendant's physical store near Plaintiff's area, located at 9700 Collins Ave, Bal Harbour, Florida 33180.

21. Plaintiff is and has been a customer who is interested in patronizing and intends to patronize in the near future Defendant's physical stores once the Website's access barriers are removed or remedied. The barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

22. In the alternative, Plaintiff intends to monitor the Website in the near future, as a tester, to ascertain whether the Website has been updated and remedied to work properly with screen-readers.

23. Before Plaintiff visited Defendant's physical store, Plaintiff needs to visit the store online, because the opportunity to shop and pre-shop Defendant's products from Plaintiff's home are important accommodations for Plaintiff; because as a visually disabled individual Plaintiff plans his outings in advance.

24. Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website to pre-shop and purchase Defendant's merchandise, to arrange in-store and curbside pickups of merchandise purchased online, create an account and sign up for an electronic emailer to receive exclusive online offers, benefits, invitations, and discounts for use both online and in the physical stores.

25. The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of his home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

26. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to WOLFORD's physical stores and online e-commerce platform (the Website).

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

28. Defendant has shops in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

29. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida where defendant resides and a substantial part of the events giving rise to the claims occurred. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

30. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was visiting Miami when was informed that there is a Wolford's shop near him. Plaintiff called Defendant's customer service for more information but was directed to the Website to search in the store locator.

31. Plaintiff is a resident of Orlando, FL 32817. is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

32. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

33. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Defendant WOLFORD America Inc is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## **THE PARTIES**

34. Plaintiff Aishia Petersen, is a resident of the State of Florida. Plaintiff resides in Orlando. Aishia Petersen is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed with congenital glaucoma in both eyes by UM Health- Bascom Palmer Eye Institute, and consequently, is legally blind and the visual disability is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

35. Plaintiff cannot use the computer without the assistance of a screen reader software. Petersen is a proficient user of the JAWS and Voiceover screen-reader to access the internet." JAWS, or "Job Access With Speech," Voiceover (Apple's screen reader) or Voiceover (Apple's screen reader) are the most popular screen reading software for computers and mobile phones. For screen-reading software to work, the information on a website must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it.

36. WOLFORD America Inc is a Foreign Profit Corporation from New York. Defendant is the owner and operator of a chain of hundreds of fashion clothing stores under the brand name WOLFORD. The WOLFORD America Inc company produces and distributes fashion clothing to its shops and distributors in Florida.

37. Upon information and belief, at all times material hereto, Defendant WOLFORD Inc owns, operates, and/or manages the day-to-day affairs of WOLFORD fashion stores which are operating within the State of Florida. Defendant's store are public accommodations pursuant to 42 U.S.C. § 12181(7)(E).

38. Plaintiff believes, and thereon alleges, that defendant WOLFORD America Inc corporate and affiliates and/or related entities, actively engaged in the sale of apparel in various states throughout the country, including Florida.

39. Said Defendant entities will hereinafter collectively be referred to as "WOLFORD" or, where appropriate, "Defendant."

## FACTS

40. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

41. Each of Defendant WOLFORD stores are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] … other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

42. WOLFORD offers fashion clothing and accessories for sale to the general public.

43. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates his web pages, including image and data content.

Defendant owns and operate the domain name https://www.wolfordshop.com that is configured for use by desktop computer and mobile devices such as smartphones.

44. One of the functions of Defendant's Website (available to browse in mobile or computer desktop version) is to provide the public information on the various locations of Defendant's stores that sell fashion clothing and accessories. The other function of the website is to sell Defendant's products.

45. Defendant's Website is offered by Defendant as a way for the public to communicate with WOLFORD's fashion products. Defendant's Website also permits the public to register and create an account allows the general public to order and purchase fashion clothing merchandise, provides: customer service and locate a shop.

46. Blind Plaintiff needs to plan his outgoings since at the physical store it is difficult to know the prices, price tags are not in Braille. Like innumerous customers, Plaintiff rather to accesses Defendant's Website, since online purchase is faster or at least pre-purchase before Plaintiff goes to the store. Plaintiff has a concrete plan of visiting the store because Plaintiff admires the quality of Defendant's products and would like to buy it in a regular basis.

47. Plaintiff is a customer of WOLFORD stores since his intent to continue visiting a WOLFORD clothing store near his home. Plaintiff through his inquiries learned that there are some WOLFORD's stores in his area.

48. During the month of April 2022, on several occasions, Plaintiff was denied access to Defendant's website, because the Website was incompatible to screen-reader software. Plaintiff explains that the Website contains the following access barriers that prevents him from free and full use of screen reader software. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

a. It is difficult for Plaintiff to find the "Store Locator" link in the first page at the bottom; when in the "Store Locator" page, the different location addresses are not readable with screen-reader. All address announces the same: "Details", instead to announce the city and state so Plaintiff can find the nearest store to his location. The issue was posted at https://youtu.be/UL0JMZcNgfA.

b. Links must have a discernible text, but several links have no label or same ID label. See at https://youtu.be/QBW_gDY0Dvc.

c. At the product page the name, and price of the product is skipped, and goes straight to add to Wishlist and "Add to Bag". The quantity increment and decrement fields on the product page do not have labels. Users do not hear that they are on the Quantity field, instead, they hear "button" repeated for each control Also, the images and thumbnails in the product page have no alt-id label description. So, Plaintiff does not know for sure what he is purchasing. https://youtu.be/DdpjR32ML_g.

d. Suppose Plaintiff was able to "Add to Bag" the "thong body" item (https://www.wolfordshop.com/collections/bestsellers/colorado-thong-body/71187.1051.html), a pop-up window (on the right side) appears in the screen "Item added to your basket" but is NOT announced thus Plaintiff cannot checkout because the screen-reader cannot find the checkout window neither the button, since the pop window has no Focus. So, Plaintiff is again unable to complete the purchase. Watch https://youtu.be/WJNbHhv-Cv4.

e. The "Wolford Private shopper" chat icon is not in the tab index, so it is skipped when navigating with the Tab key. Also, the feature Skip navigation to main content is not available.

f. Homepage has three banners in carrousel, but it has no audio "Our Hottest, Back in stock, New in Swim" neither the images neither the links have audio, it adds to confusing because the website is not fully accessible. The issues were recorded and posted at https://youtu.be/xO2cGRAwUQA.

g. at Checkout the remove item icon announces "javascript". So Plaintiff cannot remove an item.

49. Due to these barrier Plaintiff was unable and impeded to access: Plaintiff was unable to learn (1) Defendant's store locations open in his area; (2) the cost of Defendant's products; (3) make a purchase on the Website and pick up at curbside or at the nearest WOLFORD's stores; (4) get the exclusive online deals; (5) register online (create an account); and (6)product pricing and finalizing an online purchase. Thus, Defendant's Website creates an intangible barrier that prevents Petersen from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot locate the defendant's store, pre-purchase or make a purchase to pickup at the store.

50. Plaintiff was unable to find an Accessibility Statement or notice to assist him navigate the Defendant's website. During due diligence an expert was consulted and found 18 unique issue-barriers under the WCAG=World Content Accessibility Guidelines, just in one page of the website, this website contains hundreds of code-lines that are incompatible with screen-readers, thus inaccessible to Plaintiff. (Attached Exhibit A)

51. During Plaintiff's several visits to the website using JAWS and NVDA (computer) and Voiceover (cell-phone browsing) occurring on **March 15, 2022** and the last on **May 15, 2022**, attempted to visit the physical store by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

## AMERICAN WITH DISABILITIES ACT

52. The failure to access the information needed precluded Plaintiff's ability to patronize WOLFORD 's stores because, as a blind individual, Plaintiff needs to plan his outings

out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

53. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

54. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant WOLFORD America Inc. owns and operates stores, WOLFORD.

55. *On March 18, 2022,* The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (entities covered by ADA Title III) can make sure their websites are accessible to people with disabilities in line with the ADA's requirements.[2] (Exhibit B). The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility. *See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.*

56. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

_____

2. "We have heard the calls from the public on the need for more guidance on web accessibility, particularly as our economy and society become increasingly digitized," said Assistant Attorney General Kristen Clarke for the Justice Department's Civil Rights Division. ".*See* https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act

57. Technology evolves, in these days, for consumers and business. Consumers are doing most of their shopping online. And business are seeing higher revenue from their online point of sales then their physical stores, based on business financial disclosures. Defendant's provision of an e-commerce Website, which is the main point of sale, distribution, and revenue for Defendant's business. The Website is an intangible, but essential part of the Defendant's services and privileges offered by the Defendant's stores to their customers to access Defendant's goods.

58. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

59. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

60. Plaintiff would like to become Defendant's patron and access the Defendant's physical store and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

61. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing WOLFOR's stores, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in a manner equal to that

afforded to others who are not similarly disabled. As a result, Plaintiff has suffered particularized harm and an injury in fact.

62. Plaintiff cannot make proper arrangements for transportation of himself to the WOLFORD's store locations without the ability to know in advance the WOLFORD's goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant WOLFORD 's store location. Plaintiff is effectively denied the ability to physically travel to Defendant WOLFORD's store.

63. Plaintiff has a concrete plan to purchase WOLFORD's clothing and accessories when she is treated like other members of the public. By denying Plaintiff the opportunity to comprehend WOLFORD's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

64. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

65. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

66. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

67. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

68. Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

69. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

70. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

71. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

72. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

73. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant WOLFORD.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

74. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

75. Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

76. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.wolfordshop.com website which is defined within §12181(7)(E), and is subject to the ADA.

77. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

78. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

79. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

80. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

81. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

82. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Petersen injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.wolfordshop.com website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating WOLFORD's stores and becoming informed of and signing up for WOLFORD's clothing products online, and of viewing electronic documents provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they

are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

83. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Aishia Petersen hereby demands judgment against Defendant "WOLFORD AMERICA INC" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendant's websites **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

f. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 25th day of May 2022.

*/s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2022 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.